No. 13-2730

---

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

**DAVID and ROBYN MONN, Individually and as the parents of B.M., a minor; MICHAEL and JULIE FAUTH, Individually and as the parents of L.F., a minor; and BRAD and JACKIE ADAMS, Individually and as the parents of A.A., a minor,**
*Appellants,*

v.

**GETTYSBURG AREAS SCHOOL DISTRICT; JAMES O'CONNOR; STEVEN LITTEN; LAWRENCE RETTING; SHEVELLE C. (Last name withheld), in her own right and as the mother of K.C., a minor; K.C., a minor; Ms. A, in her own right, and as the mother of K.A., a minor,**
*Appellees.*

---

**Appeal from the April 2, 2013 and May 21, 2013 Orders of the United States District Court for the Middle District of Pennsylvania at 1:12-CV-2085**

---

### BRIEF FOR APPELLEES, GETTYSBURG AREA SCHOOL DISTRICT, JAMES O'CONNOR, STEVEN LITTEN, AND LAWRENCE RETTING

---

Lauren M. Burnette, Esquire
Marshall Dennehey Warner
Coleman& Goggin
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3703
Attorneys for GASD Appellees

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Gettysburg Area School District makes the following disclosure:

1) For non-governmental corporate parties please list all parent corporations:

N/A

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

N/A

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

_____

(Signature of Counsel or Party)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit LAR 26.1,  James O'Connor makes the following disclosure:

    1)  For non-governmental corporate parties please list all parent corporations:

N/A

    2)  For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

N/A

    3)  If there is a publicly held corporation which is not a party to the proceeding before this Court but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

    4)  In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

_____
(Signature of Counsel or Party)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, <u>Steven Litton</u> makes the following disclosure:

    1) For non-governmental corporate parties please list all parent corporations:

N/A

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

N/A

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

_(Signature of Counsel or Party)_

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Lawrence Redding makes the following disclosure:

    1)  For non-governmental corporate parties please list all parent corporations:

N/A

2)  For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

N/A

3)  If there is a publicly held corporation which is not a party to the proceeding before this Court but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

N/A

4)  In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding.  If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

N/A

_____
(Signature of Counsel or Party)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................II

COUNTERSTATEMENT OF THE ISSUES...........................................................................1

COUNTERSTATEMENT OF THE CASE...............................................................................1

COUNTERSTATEMENT OF THE FACTS ............................................................................3

RELATED CASES AND PROCEEDINGS............................................................................4

SUMMARY OF THE ARGUMENT ......................................................................................4

ARGUMENT...........................................................................................................................6

1.      THE DISTRICT COURT PROPERLY DISMISSED THE APPELLANTS' CLAIMS.....6

      A.      Standard of Review................................................................................. 6

      B.      The District Court appropriately dismissed Appellants' First Amendment retaliation claims because Appellants failed to allege conduct which would deter a person of ordinary firmness from exercising his or her First Amendment rights .. 7

      C.      The District Court appropriately dismissed Appellants' claims for deprivation of substantive due process under the Fourteenth Amendment to the United States Constitution. ..................................................................................................... 10

      D.      The District Court appropriately dismissed Appellants' claims for deprivation of procedural due process under the Fourteenth Amendment to the United States Constitution. ..................................................................................................... 17

CONCLUSION......................................................................................................................19

CERTIFICATION OF BAR MEMBERSHIP ........................................................................20

CERTIFICATE OF COMPLIANCE WITH ELECTRONIC FILING REQUIREMENTS..........20

CERTIFICATE OF SERVICE ...............................................................................................21

# TABLE OF AUTHORITIES

**Cases**

Alston v. Countrywide Fin. Corp., 585 F.3d 753 (3d. Cir. 2009)................................................ 6

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)................................................................................ 6, 7

Ass'n New Jersey Rifle & Pistol Clubs v. Governor of New Jersey, 707 F.3d 238 (3d. Cir. 2013)
........................................................................................................................................... 17

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)............................................................. 6, 7

Bright v. Westmoreland County, 443 F.3d 276 (3d. Cir. 2006) ................................................. 12

Collins v. City of Harker Heights, 503 U.S. 327 (1992) ........................................................... 11

DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) ........... 11, 12, 14

DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220    (3d. Cir. 2005) ................................................................................................................................... 6

D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d. Cir. 1992)
........................................................................................................................................... 12

Kaucher v. County of Bucks, 455 F.3d 418 (3d. Cir. 2006) ........................................................ 8

Kneipp v. Tedder, 95 F.3d 1199 (3d. Cir. 1996) ....................................................................... 12

McTernan v. City of York, 564 F.3d 636 (3d. Cir. 2009) ............................................................ 6

Morrow v. The Blackhawk School District, et. al., 719 F.3d 160 (3d. Cir. 2013) ........... 11, 13-16

Nicini v. Morra, 212 F.3d 798 (3d. Cir. 2000)......................................................................... 11

Sanford v. Stiles, 456 F.3d 298 (3d. Cir. 2006) .................................................................. 11, 12

Thomas v. Independence Twp., 463 F.3d 285 (3d. Cir. 2006) ..................................................... 8

Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d. Cir. 1991) .............................. 6

Vernonia School District  47J v. Acton, 515 U.S. 646 (1995) .................................................. 14

Young v. Pleasant Valley Sch. Dist., 2012 U.S. Dist. LEXIS 69762 (M.D. Pa. 2012)................. 8

**Statutes**

U.S. Const., Amend. XVI, §1 ................................................................................................... 11

24 P.S. §§13-1301-A – 13-1313-A .................................................................................... 15-16

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 4, 6

Fed. R. Civ. P. 15 ..................................................................................................................... 9

## COUNTERSTATEMENT OF THE ISSUES

1.    Whether the District Court's April 2, 2013 Order dismissing Appellants' Complaint should be affirmed, where the Appellants failed to allege conduct that would deter a person of ordinary firmness from exercising their First Amendment rights?

*Suggested Answer: Yes*

2.    Whether the District Court's April 2, 2013 Order dismissing Appellants' Complaint should be affirmed, where Appellants failed to allege affirmative acts by the School District officials sufficient to state viable claims for deprivation of substantive due process rights under the Fourteenth Amendment to the United States Constitution?

*Suggested Answer: Yes*

3.    Whether the District Court's April 2, 2013 Order dismissing Appellants' Complaint should be affirmed, where Appellants failed to allege that the state deprived them of any liberty or property interest, such that they failed to state viable claims for deprivation of procedural due process rights under the Fourteenth Amendment to the United States Constitution?

*Suggested Answer: Yes*

## COUNTERSTATEMENT OF THE CASE

This case arises from bullying at a middle school located in the Gettysburg Area School District. (App. 10). On or about October 17, 2009, Appellants David and Robyn Monn, individually and as the parents of B.M., a minor; Michael and Julie Fauth, individually and as the parents of L.F., a minor; and Brad and Jackie Adams, individually and as the parents of A.A., a minor (collectively "Appellants" unless otherwise indicated) filed a Complaint in the United States District Court for the Middle District of Pennsylvania against the Gettysburg Area School District ("the District"); District Superintendent Larry Redding; principals James O'Connor and

Steven Litten; Shevelle C., in her own right and as the mother of K.C., a minor; K.C., a minor; and Ms. A., in her own right and as the mother of K.A., a minor. (App. 5). Appellants' Complaint alleged that the District and Messrs. Redding, O'Connor and Litten violated Appellants' First, Fourth and Fourteenth Amendment rights, initially by refusing to "provide necessary supervision and assistance" to curtail bullying experienced by the Appellants' children, and ultimately by contributing to and exaggerating the "severe abuse" they experienced. (App. 29-30). This brief is filed on behalf of the District and Appellants Redding, O'Connor and Litten (collectively, the "District Appellees" unless otherwise indicated), who were each sued in their individual, rather than official, capacities. (App. 15).

After waiving service of summons, the District parties filed their Motion to Dismiss Plaintiffs' Complaint and Brief in Support on December 18, 2012. (Dist. Ct. Docs. 6, 10). Plaintiffs filed their Brief in Opposition to Defendants' Motion on February 1, 2013, and the District parties filed their Reply Brief on February 19, 2013. (Dist. Ct. Docs. 15, 17).

By Memorandum and Order of April 2, 2013, the District Court dismissed Plaintiffs' federal claims with prejudice. The District Court declined to dismiss Plaintiffs' state law claims, electing instead to await the other defendants' responses to Plaintiffs' Complaint before disposing of Plaintiffs' state law claims against the District parties. (Dist. Ct. Doc. 19; App. 26).

By Notice of May 20, 2013, Plaintiffs, through counsel, waived their right to serve Defendants Shevelle C., mother of K.C., and Ms. A., mother of K.A., and requested that the District Court issue a final appealable order. (Dist. Ct. Doc. 20). The District Court issued the requested Order on May 21, 2013. (Dist. Ct. Doc. 21). This appeal followed.

## COUNTERSTATEMENT OF THE FACTS

Appellants in this case are three (3) minor Gettysburg Area School District students and their respective parents. (App. 29-30). Their claims arise from allegations of bullying, and injuries sustained as a result of said bullying, on the campus of Gettysburg Middle School. (App. 31).

Specifically, Appellants claim that Defendants K.C. and K.A. "physically beat, punched, stole food from, and threw [the Appellants] about while in school while all of the minor actors... were under the individual defendants' and [the District's] supervision and control." (App. 31). Appellants claim that K.C. and K.A. also "verbally abused [the minor Appellants] at different times." Id. Parent-Appellants allege that they each personally complained on at least one occasion to District personnel, and requested the District's assistance to prevent K.C. and K.A. from bullying their children. (App. 31-32). In spite of these requests, Parent-Appellants allege that the District Appellees refused to provide the necessary supervision or assistance to prevent such bullying. (App. 33). Appellants claim that, as a result of the District Appellees' failures, Student-Appellants were subjected to "a pattern of bullying by K.C. and K.A.", and sustained injury as a result. (Id.)

Against these facts, Appellants made (1) a First Amendment retaliation claim; (2) a Fourth Amendment claim; (3) a substantive due process claim; (5) a procedural due process claim; and (6) state law claims for assault, intentional infliction of emotional distress, and negligence. (App. 36-39). Following the District Court's appropriate dismissal of their claims, Appellants sought review[1] by this Honorable Court.

---

[1] Appellants' Notice of Appeal suggests that Appellants are appealing the entirety of the District Court's April 2, 2013 Memorandum and Order. However, Appellants' Brief makes no reference to or argument in favor of reversing the District Court's dismissal of Appellants' Fourth Amendment claims and, as such, any appeal of this aspect of the District Court's Order has been abandoned.

## RELATED CASES AND PROCEEDINGS

District Appellees are not aware of any case or proceeding that is in any way related, pending or about to be presented before this Court or any other court or agency, state or federal.

## SUMMARY OF THE ARGUMENT

The District Court applied the correct decisional criteria, and the record supports the determination that the Appellants' claims failed as a matter of law. As a threshold matter, the District Court's April 2, 2013 Memorandum and Order correctly states, and adheres to, the appropriate standard of review for motions brought pursuant to Fed. R. Civ. P. 12(b)(6), and Appellants' protestations to the contrary lack support in both the record and applicable jurisprudence. Appellants' complaint that the District Court denied them certain "rights" based upon the identity of their counsel similarly lacks legal or evidentiary support, and is little more than a red herring designed to divert attention from the propriety of the District Court's dismissal of Appellants' claims.

The District Court appropriately dismissed the Appellants' First Amendment retaliation claim because Appellants failed to plead facts sufficient to demonstrate that the District Appellees' conduct would be sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights. Appellants' claims that their requests for help were "rebuffed" or "ignored" by the District Appellees, and that the District Appellees made no effort to assist Appellants or prevent the bullying from occurring, could not, as a matter of law, support the inference of a retaliatory action. Along similar lines, the Appellants' claims that the District Appellees "belittled" and "criticized" the Appellants were not sufficient to sustain a First Amendment retaliation claim. The absence of retaliatory action by the District Appellees rendered their First Amendment retaliation claim untenable as a matter of law, and as such, the

Appellants' claims that the District Court improperly dismissed this claim is entirely without merit.

The District Court appropriately denied the Appellants' Fourteenth Amendment claims for similar reasons. As to their substantive due process claim, the District Court appropriately recognized that the Due Process Clause of the Fourteenth Amendment does not impose an affirmative duty on the state to protect its citizens from the acts of private individuals. After reviewing the allegations in Appellants' Complaint, the District Court appropriately held that Appellants met neither the "special relationship" nor the "state-created danger" exceptions to this general rule. Notably, the legal analysis employed by the District Court subsequently formed the basis for this Honorable Court's affirmation of the dismissal of virtually identical claims.

As to Appellants' procedural due process claim, the District Court correctly dismissed Appellants' contention that the District Appellees violated the Appellants' rights to procedural due process when they failed to stop the bullying. Because the deprivation of the protected interest at issue was not done by the District Appellees, Appellants could not plead a legally sufficient claim for deprivation of procedural due process.

Finally, Appellants' claim that they were improperly denied the opportunity to conduct discovery, and to amend their pleading, rings hollow. It is beyond challenge that a plaintiff cannot salvage a legally deficient complaint by asking for discovery and as such, even if Appellants had asked[2] the District Court to permit discovery, any denial of such request would have been proper. It is similarly beyond challenge that a district court may properly deny a plaintiff leave to amend a complaint where such amendment would be futile. Thus, even had

---

[2] Appellants did not request discovery, nor did they suggest that the District Appellees' Motion to Dismiss should be denied because discovery was warranted.

Appellants sought[3] leave to amend, denial of Appellants' request would have been entirely appropriate given the futility of the claims Appellants sought to advance.

## ARGUMENT

*1.*     *The District Court properly dismissed the Appellants' claims.*

A.     Standard of Review

The scope of this Court's review of the District Court's Order granting the District Appellees' Motion to Dismiss is plenary. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394 (3d. Cir. 1991). This Honorable Court accepts all facts alleged in the complaint, and all reasonable inferences drawn therefrom, as true, and construes them in the light most favorable to the plaintiff. DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n. 4 (3d. Cir. 2005); Alston v. Countrywide Fin. Corp., 585 F.3d 753 (3d. Cir. 2009).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), challenges the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id. "The plausibility standard is

---

[3] Appellants did not seek leave to amend their Complaint.

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

     B.    <u>The District Court appropriately dismissed Appellants' First Amendment retaliation claims because Appellants failed to allege conduct which would deter a person of ordinary firmness from exercising his or her First Amendment rights.</u>

The District Court dismissed Appellants' First Amendment retaliation claims because, as is set forth at length in its Memorandum and Order, the facts forming the basis of Appellants' claims were insufficient as a matter of law to demonstrate that the District Appellees' alleged retaliatory conduct would be sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights. (App. 18). The District Court rightly noted that, throughout their Complaint, the Parent-Appellants complained that when they approached the District Appellees concerning the bullying of their children, they were "rebuffed", "ignored", or "criticized". (App. 17). Indeed, a review of the Complaint readily reveals that Appellants' dispute with the District Appellees was their alleged *inaction* – i.e., their failure to take affirmative steps to prevent their children from further bullying:

- "... the adult defendants and GASD, despite having a duty to do so, would not, and did not, assist the Appellants or act to prevent the bullying i.e., did not take any meaningful measures to protect the minor plaintiff's (sic) from the predictable injuries to their persons further taking no steps to stop the bullying..." (Compl. ¶13)

- "... at different times, the government defendants ignored the minor Appellants and their parents and even sometimes criticized and belittled them..." (Compl. ¶18)

- "The defendants... were informed about their responsibilities to respond as school districts and school officials and how to deal with these difficulties and problems which they refused to do." (Compl. ¶21)

- "The defendant school district… intentionally denied assistance to the Appellants refusing to supervise and or respond to confrontational dangerous situations…" (Compl. ¶22)

- "The intentional lack of responsible actions by the defendants resulted in the aforestated injuries to the minor plaintiff's (sic) and to their parents." (Compl. ¶23)

- "The defendant's (sic) refusal to act as part of their custodial responsibilities constituted a violation of the Appellants' federally guaranteed rights under the 1st, 4th, and 14th Amendments…" (Compl. ¶32)

Accepting these allegations as true, it is clear that while the Parents *wanted* the District Appellees to take some affirmative action to stop the alleged bullying, the District Appellees did not do so. It is the *absence* of any affirmative action by the District Appellees which formed the basis of Appellants' claims against them.

In order to allege a legally sufficient claim for First Amendment retaliation, a plaintiff must allege (1) constitutionally protected conduct; (2) retaliatory **action** sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. See Thomas v. Independence Twp., 463 F.3d 285, 296 (3d. Cir. 2006) (citations omitted, emphasis supplied). This Honorable Court has previously held that "failures to act" cannot form the basis of a valid claim for First Amendment retaliation. Kaucher v. County of Bucks, 455 F.3d 418, 433 n. 11 (3d. Cir. 2006). Indeed, the United States District Court for the Eastern District of Pennsylvania recently held that a school district's alleged failure to "protect" a student is insufficient to support a retaliation claim. See Young v. Pleasant Valley Sch. Dist., 2012 U.S. Dist. LEXIS 69762 (M.D. Pa. 2012). The basis for such holdings – that the absence of an retaliatory *action* renders

retaliation claims deficient as a matter of law – was succinctly explained by the District Court: in short, retaliation claims necessarily contemplate some affirmative *act* following the plaintiff's exercise of a constitutionally protected activity. Here, the essence of Appellants' claims was that the actions of the District Appellees remained exactly the same both before and after Appellants engaged in the purportedly protected activity – that is, they failed to protect the Student Appellants from bullying. (Compl., ¶¶22, 23, 32). Against these facts, the District Court appropriately dismissed Appellants' claims as legally deficient.

Appellants offer no legal precedent demonstrating, or even suggesting, that the District Court committed reversible error or abused its discretion. They point to no allegations in their Complaint sufficient to provide this Honorable Court with a basis to reverse the District Court's appropriate conclusion regarding Appellants' legal inability to pursue their claims in light of the facts alleged in their Complaint. Indeed, Appellants do not even reference the basis for the District Court's determination, instead electing to argue that the District Court improperly denied them the opportunity to conduct discovery; that the District Court improperly denied them leave to amend their pleading; and that they were treated differently based upon the identity of their counsel. See Brief of Appellants, p. 3-4, 14-15.

Appellants' complaints are unfounded. First, Appellants made no attempt to conduct discovery: they neither sought leave of court to conduct discovery, nor served any discovery requests upon the Appellees. As such, their unsupported conclusion that they were improperly "denied" the right to engage in discovery efforts is a mischaracterization of the procedural history of the District Court proceedings. Similarly, as the docket entries demonstrate, Appellants neither filed an Amended Complaint after the District Appellees moved to dismiss their pleading (as would have been their right under Fed. R. Civ. P. 15), nor sought leave to

amend their pleading at any point thereafter. Appellants' argument suggests that they sought such leave, only to have the District Court baselessly deny their requests. The record amply demonstrates that such "denials" exist only in the minds of the Appellants.

This aside, even if Appellants' arguments *were* true – that they were improperly denied their Rule 16 conference, their right to discovery, and their right to amend their pleading – such errors clearly would not constitute *reversible* error because the flaws inherent in Appellants' claims were *irreparable*. The Complaint alleged that the District Appellees failed to take action to prevent the Student-Appellants from being bullied; that the District Appellees "ignored" and "rebuffed" the Parent-Appellants; and that as a result of such inaction, the Parent-Appellants were "forced" to remove their children from school. (Compl., ¶¶22, 23, 32). In the face of such factual claims, it would simply have been impossible and inherently inconsistent for Appellants to suddenly allege that the District Appellees took some affirmative action that deprived Appellants of a constitutionally protected right. Indeed, any such drastic change in the facts alleged would necessarily call into question the factual veracity of Appellants' claims.

Appellants' claim for First Amendment retaliation failed for legal deficiencies incapable of rectification through discovery, amendment or status conference. The District Court appropriately dismissed Appellants' claims, and this Honorable Court should affirm the lower court's Order.

C.   The District Court appropriately dismissed Appellants' claims for deprivation of substantive due process under the Fourteenth Amendment to the United States Constitution.

Next, Appellants take issue with the District Court's dismissal of their claims for deprivation of their rights to substantive due process under the Fourteenth Amendment to the

United States Constitution.  In spite of their protestations, they again offer no legally sufficient basis to disturb the District Court's appropriate and well-founded decision.

In order to impose liability against the District Appellees, Appellants were obligated to plead facts sufficient to show that the District Appellees, acting under color of state law, engaged in conduct which violated a constitutionally protected right.  Nicini v. Morra, 212 F.3d 798, 806 (3d. Cir. 2000) (*en banc*).  The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty or property, without due process of law".  U.S. Const., Amend. XVI, §1.  The substantive portion of the Due Process clause "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them'".  Morrow v. The Blackhawk School District, et. al., 719 F.3d 160, at *10 (3d. Cir. 2013) (quoting Collins v. City of Harker Heights, 503 U.S. 327, 331 (1992)).  Here, Appellants alleged that by failing to protect the Student-Appellants from bullying, the District Appellees violated their rights to substantive due process.

As a general matter, the Due Process Clause "does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals."  Sanford v. Stiles, 456 F.3d 298, 303-04 (3d. Cir. 2006) (citing DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 198-200 (1989)).  As the District Court noted, the Third Circuit recognizes two (2) exceptions to this general rule: (1) the "special relationship" exception, under which the Constitution imposes upon the state an affirmative duty to care for and protect individuals in the state's custody; and (2) the "state-created danger" exception, under which the Due Process Clause imposes upon the state an affirmative duty to protect a party where the state's own actions create the danger that causes the party's injuries.  See DeShaney, 489 U.S. at 198 (describing the

"special relationship" exception"); Kneipp v. Tedder, 95 F.3d 1199, 2101 (3d. Cir. 1996) (describing the "state-created danger" exception).

The District Court correctly noted the inapplicability of the "special relationship" exception, observing that there is no "special relationship" between the student and the state. Sanford, 456 F.3d at 304 n. 4 (citing D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1372 (3d. Cir. 1992)). Thus, the District Court turned to the issue of whether Appellants' Complaint met the "state-created danger" exception, and appropriately concluded that because Appellants could not meet this exception, dismissal of their claims was appropriate.

In order to satisfy the "state-created danger" exception, a plaintiff bears the burden of pleading and proving the following: (1) that the harm ultimately caused was foreseeable and fairly direct; (2) that a state actor acted with a degree of culpability that shocks the conscience; (3) that there existed a relationship between the state and the plaintiff, such that the plaintiff was a foreseeable victim of the defendant's acts; and (4) that a state actor affirmatively used his or her authority in such a way that it created a danger to the plaintiff, or rendered the plaintiff more vulnerable to danger than had the state not acted at all. Sanford, 456 F.3d at 304-05 (citations omitted).

The District Court rightly held that Appellants' claims failed due to their inability to satisfy the fourth element above – specifically, the requirement that a state actor perform some affirmative act. (App. 22). Noting that Third Circuit precedent *specifically* requires the need to show an affirmative act, as opposed to a failure to act, the District Court appropriately concluded that Appellants failed to meet this requirement. See Bright v. Westmoreland County, 443 F.3d 276, 282 (3d. Cir. 2006) ("It is a misuse of state authority, rather than a failure to use it, that can

violate the Due Process Clause.") As noted above, and as the District Court noted throughout its opinion, the basis for Appellants' claims against the District Appellees is their alleged *failure to act*. In the absence of any alleged affirmative acts by the District Appellees, Appellants simply cannot sustain a claim for deprivation of their rights to substantive due process under the "state-created danger" exception.

This Honorable Court embraced the very logic and legal analysis employed by the District Court in its recent opinion in <u>Morrow v. The Blackhawk School District, et. al.</u>, 719 F.3d 160 (3d. Cir. 2013). In <u>Morrow</u>, as in this case, the student-Appellants were subject to verbal and physical bullying while in school. <u>Morrow</u>, 719 F.3d at *2. Parent-Appellants reported the bullying incidents to school officials, who responded by informing the parents that the district could not guarantee the student-Appellants' safety and recommended that the parent-Appellants consider another school for their children. <u>Id</u>. at *5-6. Parent-Appellants removed their children from the school, and thereafter filed suit against the district, alleging a violation of their Fourteenth Amendment rights to substantive due process. <u>Id</u>.

This Honorable Court commenced its analysis by painstakingly examining the Due Process Clause of the United States Constitution, <u>id</u>. at *9, and recognizing both the "special relationship" and the "state-created danger" exceptions to the general rule that the state is not obligated to protect individuals from private citizens. <u>Id</u>. at *12. With respect to the "special relationship" exception, this Honorable Court first reiterated that "it is the state's affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, *or other similar restraint of personal liberty* – which is the 'deprivation of liberty' triggering the protections of the Due Process Clause, not its failure to act to protect his

13

liberty interests against harms inflicted by other means." Id. at *15 (quoting DeShaney, 489 U.S. at 200) (emphasis in original).

From there, the Court went on to note that although the U.S. Supreme Court has not had occasion to specifically hold that no special relationship exists between public schools and their students, it has suggested as much in dicta, stating: "We do not, of course, suggest that public schools as a general matter have such a degree of control over children as to give rise to a constitutional 'duty to protect'". Vernonia School District 47J v. Acton, 515 U.S. 646, 655 (1995) (citing DeShaney, supra). This Honorable Court went on to observe that every other Circuit Court of Appeals that has evaluated the issue of whether a "special relationship" exists between public schools and their students has rejected the notion that such a relationship exists. Morrow, 719 F.3d at *21-22 (citations omitted). Mindful of its obligation to pay heed to the force of Supreme Court dicta, and further mindful of the consensus from its sister Courts of Appeals, the Third Circuit concluded that the facts alleged in the Morrows' Complaint – facts which are substantially identical to those asserted in this case – were insufficient to state a claim for deprivation of the right to substantive due process under the "special relationship" exception.

The Court then turned its attention to the "state-created danger" exception, again reiterating this Circuit's requirement that there must be some affirmative act by the school district that made the student-Appellants more vulnerable than they would have been had the district done nothing at all. Id. at *44. This Honorable Court explicitly rejected the Morrows' efforts to re-cast "clearly passive inaction as affirmative acts", and held that "merely restating the Defendants' inaction as an affirmative failure to act does not alter the passive nature of the alleged conduct." Id. at *45, *48. The absence of any affirmative actions by the district rendered the Morrows unable to meet the fourth element under the "state-created danger"

exception, and as such, this Honorable Court appropriately affirmed the District Court's Order granting the school district's Motion to Dismiss. Id.

So too should this Honorable Court affirm the dismissal of these Appellants' claims. Just as in Morrow, Appellants contend that the District Appellees failed to act to protect the Student-Appellants from further bullying. Just as in Morrow, Appellants do not actually allege any affirmative actions taken by the District Appellees; instead, they attempt to "morph passive inaction into affirmative acts" by casting the District's alleged failure to protect their children into "an affirmative decision" by the District Appellees. Id. at *48; see also Brief of Appellants, p. 22. As this Court held in Morrow, such allegations are insufficient as a matter of law to support claims for deprivation of substantive due process. The District Court appropriately dismissed Appellants' claims, and as such this Honorable Court should affirm the lower court's well-reasoned decision.

Appellants attempt to argue that the District Appellees had a legal obligation, under 24 P.S. §§13-1301-A – 13-1313-A, to provide a "bullying free educational environment", and suggest that the District Appellees' failure to guarantee that Student-Appellants would never be bullied constitutes a *per se* deprivation of the Student-Appellants' rights to substantive due process. Appellants' arguments in this regard are grossly misplaced. Appellants neither quote from the statute, nor provide a specific reference to the provision "explicitly directing" school districts to prevent bullying – and indeed, Appellants *cannot* do so because the statute contains no such "explicit" directive. Rather, the statute, *inter alia*, establishes an Office for Safe Schools within the Department of Education (24 P.S. §13-1302-A); implements upon each district annual reporting requirements for all cases involving drugs and weapons in school or on school premises (24 P.S. §13-1303-A); establishes protocol concerning transfer, availability and

15

maintenance of disciplinary records (24 P.S. §13-1305-A – 13-1307-A); and establishes the appointment of a safe schools advocate in each school district of the first class (24 P.S. §13-1310-A). *Nowhere* in the statute are school districts obligated to "provide a bullying free educational environment", nor does the statute impose civil (or criminal) liability upon a district in which bullying may unfortunately occur. Significantly, the statute is *silent* as to a parent or student's ability to bring a private right of action for alleged violations of the statute, and there is similarly no suggestion that an alleged violation of any provision of the statute acts as a deprivation of a student's right to substantive due process.

In spite of the absence of any such provision, Appellants implore this Court to do what it declined to do in <u>Morrow</u> – that is, to "fashion a constitutional remedy under the special relationship theory based on the facts alleged" in this case. Appellants ask this Court to flout established precedent by creating a statutory violation out of whole cloth, and subsequently using that purported violation as a basis to render school districts constitutionally obligated to act as guarantors of students' safety from the acts of private individuals. Just as the Court refused to do in <u>Morrow</u>, so too should the Court decline to follow Appellants' logic here. It is not this Honorable Court's responsibility, nor its province, to stand in the shoes of the Pennsylvania legislature and provide Appellants with "personally enforceable remedies under state law". As this Honorable Court stated, "the due process clause is not a surrogate for local tort law or state statutory and administrative remedies... Nor is substantive due process... a license for judges to supersede the decisions of local officials and elected legislators on such matters." <u>Morrow</u>, 719 F.3d at *42. Appellants cannot salvage their legally deficient claims by suggesting that this Honorable Court should stand in the shoes of the legislature out of sympathy for these students.

Although Appellants are clearly unhappy with the District Court's application of Third Circuit precedent to their understandably sympathetic circumstances, the fact nevertheless remains that they have failed to allege facts sufficient for them to bring legally cognizable claims for deprivation of their rights to substantive due process. The District Court's dismissal of their claims was entirely proper, and this Honorable Court should decline to disturb its ruling.

D.   The District Court appropriately dismissed Appellants' claims for deprivation of procedural due process under the Fourteenth Amendment to the United States Constitution.

Finally, Appellants complain that the District Court inappropriately dismissed Appellants' claims for deprivation of their rights to procedural due process. As the District Court noted, in order to plead a legally sufficient claim for deprivation of procedural due process rights under the Fourteenth Amendment, a plaintiff must allege (1) a deprivation of a protected interest; and (2) that "available procedures did not provide due process of law". Ass'n New Jersey Rifle & Pistol Clubs v. Governor of New Jersey, 707 F.3d 238, 240 (3d. Cir. 2013). The District Court surmised, based upon the allegations in Appellants' Complaint, that Appellants' claim was based upon a denial of their requests that the bullying stop (and Appellants, in their Brief of Appellants, do not dispute this). Regardless, the District Court appropriately noted that Appellants' claim failed as a matter of law because, as was clear from the facts set forth in Appellants' Complaint, they could not allege that the deprivation of the protected interest in question was done by the state.

Again, the District Court's determination turned not on some nefarious desire to deny Appellants the relief they requested, but upon the Court's *inability*, as a matter of law, to find legally viable claims in the facts Appellants presented. As Appellants themselves alleged over and over again, their claims against the District Appellees arose from *inaction* rather than *action*

– from the District Appellees' alleged failure to halt the bullying. In the context of a procedural due process claim, this prevented Appellants from alleging that the District Appellees committed some act which deprived Appellants of a protected interest – indeed, it rendered Appellants incapable of so alleging. In the absence of any overt act by the District Appellees, Appellants were unable, as a matter of law, to allege facts necessary to support a claim for deprivation of their right to procedural due process. The District Court, recognizing this fatal flaw, appropriately dismissed their claim.

In their Brief, Appellants provide a single, conclusory sentence stating, with no jurisprudential reference, that "the named Appellees did indeed violate the Appellees (sic) rights to procedural due process". <u>See</u> Brief of Appellants, p. 24. While Appellants clearly believe as such, they have provided this Honorable Court with no basis to so conclude. The District Court's dismissal of Appellants' claims was entirely appropriate and supported by the prevailing case law of this Circuit. As such, this Honorable Court should affirm the Trial Court's Order.

## CONCLUSION

For the reasons delineated in the District Court's April 2, 2013 Memorandum and Order dismissing Appellants' Complaint, and for the reasons set forth in this brief, Appellees Gettysburg Area School District, James O'Connor, Steven Litten, and Lawrence Retting, respectfully request that this Honorable Court affirm the trial court's Order.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:_____
Lauren M. Burnette, Esquire
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3703
Counsel for Appellees
Gettysburg Area School District, James O'Connor,
Steven Litton, and Lawrence Redding

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that, pursuant to 3rd Circuit Local Appellate Rules 28.3(d), Lauren M. Burnette, Esquire, is a member of the bar of the Third Circuit.

## CERTIFICATE OF COMPLIANCE WITH ELECTRONIC FILING REQUIREMENTS

The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies, and the McAfee ViruScan Enterprise 8.0.0 detection program has been run on the file and no virus has been detected.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:_____
Lauren M. Burnette, Esquire
Counsel for Appellees
Gettysburg Area School District, James O'Connor,
Steven Litton, and Lawrence Redding

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Brief of Appellees Gettysburg Area School District, James O'Connor, Steven Litten, and Lawrence Retting, was submitted to the Court electronically and that the Court will provide a copy to the parties listed below electronically:

Don Bailey, Esquire
4311 N. Sixth Street
Harrisburg, PA  17110

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:_____

Lauren M. Burnette, Esquire
4200 Crums Mill Road, Suite B
Harrisburg, PA  17112
(717) 651-3703
Counsel for Appellees
Gettysburg Area School District, James O'Connor,
Steven Litton, and Lawrence Redding

Date: 10/15/13